WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, | Case No. 1:24-cv-00485-GMS |
| Petitioner, | DEATH-PENALTY CASE |
| v. | **ORDER** |
| RANDY VALLEY, | Execution Sched. Nov. 13, 2024 |
| Respondent. | |

Petitioner Thomas Eugene Creech is a state prisoner under sentence of death. He is scheduled to be executed by the State of Idaho on November 13, 2024. Warrant of Execution, *State v. Creech*, Case No. CR-FE-0000-10252 (Idaho, Oct. 16, 2024). Pending before the Court are his Petition for Writ of Habeas Corpus (Doc. 1) and his Application for Stay of Execution (Doc. 10). The Court held oral argument on November 5, 2024. For the reasons stated at that proceeding, and as set forth below, the Court will grant a stay.

**Background**

"In 1981, while serving two life sentences for murders committed in Idaho, and following convictions for additional murders committed in California and Oregon, Creech killed fellow inmate David Dale Jensen, who was disabled." *Creech v. Idaho Comm'n of Pardons & Parole*, 94 F.4th 851, 854 (9th Cir.), *cert. denied,* 144 S. Ct. 1027 (2024). Creech was sentenced to death. Four decades of proceedings in both state and federal court followed.

On October 12, 2023, an Idaho state court issued a death warrant for Creech's

execution, but the warrant was stayed pending Creech's petition for commutation to life without parole. *Creech v. State*, 173 Idaho 396,  ---, 543 P.3d 500, 503 (2024). The petition was denied and on January 30, 2024, the court signed a new death warrant, scheduling Creech's execution for February 28, 2024. *Id.* During the procedure, however, the execution team was unable to locate a viable peripheral vein to administer the necessary lethal injection and the execution was halted.

Creech filed another post-conviction petition on March 18, 2024, contending that an attempt to conduct another execution by any method would constitute cruel and unusual punishment under the Eighth Amendment and would violate the Double Jeopardy Clause. The district court rejected the claims on the merits. (Memorandum Decision and Order on Motion for Summary Dismissal, 9/5/24.) The court subsequently denied Creech's motion to reconsider. (Order Denying Motion to Reconsider, 10/16/24.) The court then issued a new death warrant, scheduling Creech's execution for November 13, 2024. Creech filed his Notice of Appeal the same day challenging the district court's denial of his petition and motion for reconsideration.

At the time of the oral argument in this Court at 1:30 p.m. on November 5, 2024, the Idaho Supreme Court had not yet issued its ruling on Creech's appeal. Later that evening, however, the court handed down its decision, which affirmed the district court's denial of Creech's claims. *Creech v. Idaho*, No. 52327, 2024 WL 4678228 (Idaho Nov. 5, 2024)

**Discussion**

The Court's decision to grant a stay rests on two principles. First, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs Creech's habeas claims, a federal court "defer[s] to the last reasoned state court decision." *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014). The decision of the Idaho Supreme Court issued yesterday after oral argument was held is the "last reasoned state court decision."

Next, the parties agree that Creech's petition is not second or successive. Because

it is in essence a first petition, Creech is entitled to a ruling on the claim's merits before he is executed. *McFarland v. Scott*, 512 U.S. 849 (1994). "[I]f the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot." *Lonchar v. Thomas*, 517 U.S. 314, 319–20 (1996); *see Calderon v. U.S. Dist. Ct. for Cent. Dist. of California*, 163 F.3d 530, 535–36 (9th Cir. 1998), *abrogated by Woodford v. Garceau*, 538 U.S. 202 (2003) ("[T]he Supreme Court has stressed that a capital habeas petitioner is entitled to a full consideration of all of his or her claims in his or her first petition before a stay of execution can be lifted."). "While a federal court should strive to expedite consideration of habeas claims so as not to frustrate state proceedings, it is equally true that such consideration ought to be deliberate and thoughtful." *Amaya-Ruiz v. Stewart*, 136 F. Supp. 2d 1014, 1030 (D. Ariz. 2001).

Because the last reasoned state court decision—the operative filing for AEDPA purposes—was issued just a week before Creech's scheduled execution, a stay is necessary to allow the parties to fully brief, and for this Court to fully consider, Creech's habeas claims. *See McFarland*, 512 U.S. at 858 ("Where this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'") (quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Creech's motion for a stay of execution (Doc. 10) is **granted** pending this Court's order addressing Creech's habeas petition.

**IT IS FURTHER ORDERED** setting the following briefing schedule:

1. Creech shall file no, later than **November 15, 2024**, a supplemental brief addressing the ruling of the Idaho Supreme Court.

/ / /

/ / /

/ / /

2.     Respondents shall file a response no to the supplemental brief no later than **November 25, 2024**.

3.     Creech may file a reply no later than **November 29, 2024**.

Dated this 6th day of November, 2024.

_G. Murray Snow_
G. Murray Snow
Senior United States District Judge